IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT LAVON HAGINS,

    Petitioner,

v.

                         CIVIL ACTION NO.: CV612-057

VICTOR WALKER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Hagins ("Hagins") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction obtained in the Bulloch County Superior Court. Respondent filed an Answer-Response. Hagins filed a Supplemental Response. For the reasons which follow, Hagins' petition should be **DENIED**.

## STATEMENT OF THE CASE

Hagins was convicted, after a jury trial, of voluntary manslaughter as a lesser included offense of murder. Hagins was sentenced to 20 years' imprisonment. After obtaining new counsel, Hagins filed an appeal. Hagins raised two (2) issues on appeal. First, Hagins asserted that the trial judge erred by denying the motion for a new trial, as the evidence was insufficient to support his conviction. Second, Hagins asserted that the trial judge erred in denying the motion to dismiss the jury panel. Hagins v. State, No. A09A1797 (Ga. Ct. App. Feb. 11, 2010). The Georgia Court of Appeals found the evidence at trial was sufficient to warrant Hagins' conviction. As to the second

AO 72A
(Rev. 8/82)

enumeration of error, the appellate court determined that, absent the transcript from the hearing on Hagins' motion to dismiss the jury panel, it was assumed "the trial court correctly exercised its discretion in denying the motion." (Doc. No. 10-1, p. 5). The Georgia court noted that it was a petitioner's burden to provide a complete record and, without it, "the appellate court must assume that the judgment below was correct and affirm." (Id.) (quoting Theophile v. State, 295 Ga. App. 517, 521, 672 S.E.2d 479 (2009)).

Hagins filed an application for writ of habeas corpus, as amended, in the Hancock County Superior Court. In his application, Hagins raised the following issues: 1) ineffective assistance of appellate counsel because appellate counsel failed to ensure a complete record was submitted on appeal; 2) the trial judge erred in denying the motion to dismiss the jury panel; 3) denial of his right to due process and to a fair trial because the clerk, not the judge, excused potential jurors; 4) the sentence from the Georgia Department of Corrections differed from the sentence the trial court judge imposed; and 5) ineffective assistance of appellate counsel for failing to raise an ineffective assistance of trial counsel claim because trial counsel failed to investigate or interview the state's witnesses. (Doc. Nos. 10-2, 10-3). The Honorable Hulane E. George determined that Hagins defaulted grounds 2, 3, and 4 because he did not raise these issues on appeal. However, Judge George also determined that Hagins was entitled to his requested relief as to ground 1 of his petition, finding that appellate counsel's failure to ensure the entire record was submitted on appeal prejudiced Hagins because the outcome of the appeal may have been different. (Doc. No. 10-4, p. 4).

Judge George did not address ground 5 of Hagins' petition, despite her awareness of this ground.

The respondent filed an appeal of Judge George's decision. On appeal, the Georgia Supreme Court reversed the judgment of the lower court. While the Georgia Supreme Court found Judge George's findings of facts to be supported by the record, that court determined that Hagins failed to show that the outcome of his appeal may have been different if the entire trial record had been submitted on appeal. Walker v. Hagins, 290 Ga. 512, 515, 722 S.E.2d 725, 729 (2012).

Hagins raises, in this section 2254 petition, the same five (5) grounds as he did in his state habeas corpus application. Respondent contends that the Georgia Supreme Court's determination on ground 1 is entitled to deference. Respondent also contends that grounds 3 and 4 are procedurally defaulted because Hagins failed to raise these grounds on appeal. Respondent further contends that ground 2 does not set forth a cognizable federal constitutional right, and thus, does not present a ground for relief pursuant to § 2254. Respondent asserts that Hagins "virtually abandoned" his ground 5 claim because, though he raised this issue in his state habeas corpus proceedings, he failed to "secure a ruling on this ground[.]" (Doc. No. 12-1, p. 8).

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Ineffective Assistance of Appellate Counsel**

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's

3

performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693. "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

A.   **Failure to Submit Complete Record on Appeal (Ground 1)**

Respondent avers that the Georgia Supreme Court applied Strickland to Hagins' claim that his appellate counsel was ineffective for failing to ensure that the complete record from his trial was provided to the Georgia Court of Appeals. Respondent contends that Hagins has not shown that the Georgia Supreme Court's decision is not entitled to deference.

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

5

law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

The Georgia Supreme Court, in reversing the state habeas corpus court's determination that Hagins was entitled to his requested relief on this ground, found that the state habeas corpus court's findings of fact were supported by the record and were not clearly erroneous. However, the Georgia Supreme Court found that the state habeas corpus court erred in presuming Hagins suffered prejudice from the alleged deficiency by his appellate counsel. The Georgia Supreme Court determined that the state habeas corpus court "should have issued findings explaining how the outcome of Hagins' appeal may have been different if the transcript at issue would have been available for review by the appellate court." Walker v. Hagins, 290 Ga. 512, 514, 722 S.E.2d 725, 728 (2012). The Georgia Supreme Court determined that Hagins did not meet his burden of showing prejudice. In so doing, the Georgia Supreme Court reviewed the appellate court's determination on the issue of whether the trial court erred by denying Hagins' motion to dismiss the jury panel because the clerk, not the judge, excused potential jurors and found that Hagins failed to show how the outcome of his appeal may have been different if the transcript of the hearing on his motion to dismiss

6

had been sent to the Georgia appellate court. The Georgia Supreme Court also determined that Strickland requires a petitioner to prove both prongs of the ineffective assistance test, and Hagins failed to show he was prejudiced by any alleged deficiency. Id. at 515, 722 S.E.2d at 729.

The Georgia Supreme Court reviewed Hagins' claim of ineffective assistance of appellate counsel using Strickland, which is the clearly established law for ineffective assistance of counsel claims. The Georgia Supreme Court applied Strickland in an objectively reasonable manner, i.e., the Georgia Supreme Court's adjudication of this issue was not "contrary to" clearly established Supreme Court case law, nor did the Georgia court's adjudication involve an unreasonable application of clearly established Supreme Court law. The undersigned's conclusion in this regard is supported by a review of the transcript from Hagins' state habeas corpus hearing and the Georgia Supreme Court's decision on appeal of Judge George's opinion. Hagins is not entitled to his requested relief on ground 1.

    B.    **Failure to Raise Ineffective Assistance of Trial Counsel (Ground 5)**

Respondent contends that Hagins cannot show that he was prejudiced by appellate counsel's failure to raise on appeal a claim that trial counsel failed to interview and investigate the State's witnesses before trial. Respondent also contends that Hagins' appellate counsel looked into this claim on Hagins' behalf, but appellate counsel found it to be without merit and did not raise this claim on appeal.[1]

---

[1] Respondent alternatively contends that Hagins "virtually abandoned" this claim because he failed to "secure a ruling on this ground[.]" (Doc. No. 12-1, p. 8). However, as the undersigned advised the parties, Hagins did not abandon this ground. Rather, Judge Hulane George failed to address the merits of this claim during the state habeas proceedings, despite her knowledge of this contention. (Doc. No. 13).

7

Hagins contends that his appellate counsel would not file a claim of ineffective assistance of trial counsel, even though his appellate counsel knew that trial counsel had not interviewed or investigated three (3) witnesses before trial. Hagins also contends that, had his trial counsel investigated the facts of his case and interviewed and investigated the State's witnesses, the outcome of his case would have been different.

Richard Allen, who was Hagins' appellate counsel, testified at the state habeas corpus court hearing. Mr. Allen testified that he had been practicing in the area of criminal defense for over 25 years and that ten to fifteen percent of his practice was devoted to appellate work (though, in the past, more of his practice was devoted to appellate work). (Doc. No. 10-6, pp. 11-12). Mr. Allen stated that Hagins' trial counsel, Robert Persse, gave him Hagins' file and that the two attorneys spoke on several occasions. Mr. Allen also stated that, in addition to reviewing the entire file and speaking to Mr. Persse, he researched any potential issues and spoke to Hagins before picking the best issues to present on appeal. (Id. at p. 20). In Mr. Allen's opinion, there was not a meritorious claim of ineffective assistance of trial counsel. Mr. Allen testified that he thought Hagins' trial counsel did an "incredible job[ ]", especially in light of Mr. Persse obtaining a voluntary manslaughter verdict as opposed to the malice murder charge Hagins faced. (Id. at p. 21). Mr. Allen also testified that he reviewed Hagins' contention regarding Mr. Persse's failure to speak with the witnesses before trial, and there was nothing in Mr. Persse's "very thorough" notes or the transcript which would have "made any difference . . . if [Persse] would have spent the day with each witness." (Id.). In fact, Mr. Allen declared that, in his experience, there are some witnesses who

are not interviewed.[2] Mr. Allen stated that his recollection was that, given the number of people who testified during Hagins' trial, "the evidence was so overwhelming[. T]here was nobody that supported [a] self-defense claim and everyone that was there, you know, to a T, supported the conviction." (Id. at p. 23). Mr. Allen also testified that Mr. Persse's testimony at the motion for new trial hearing resolved any issue he (Mr. Allen) may have had with Persse's representation.

In Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (Mar. 20, 2012), the United States Supreme Court determined that when, under state law, a prisoner is required to raise ineffective assistance of trial counsel claims for the first time "in a collateral proceeding, a prisoner may establish cause for a default" of these claims in two circumstances. ___ U.S. at ___, 132 S. Ct. at 1318. "The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland[.]" Id.

There is nothing of record which reveals that Mr. Allen should have raised as an issue on appeal a claim of ineffective assistance of trial counsel due to trial counsel's failure to interview or investigate the State's witnesses prior to trial. Even assuming, *arguendo*, that Mr. Allen should have raised this ineffective assistance of trial counsel claim on appeal, there is nothing which establishes that Hagins satisfies his burden of showing he suffered any prejudice as a result. During the hearing on the motion for

---

[2] Mr. Allen also testified that no one convinced him that the two (2) witnesses Hagins wanted to testify would have made any difference in the outcome of the trial. In fact, Mr. Allen stated that the evidence was "so overwhelming and so credible" that the testimony of these other witnesses would not have made any difference and may have harmed Hagins more than it would have helped. (Doc. No. 10-6, p. 25).

9

new trial Mr. Allen filed on Hagins' behalf, Mr. Persse testified that Hagins asked him to investigate other people. Mr. Persse also testified that, had he investigated these people, it would not have helped with the self-defense theory because he and his investigator "never found any eyewitnesses in support of [Hagins'] contention of self-defense." (Doc. No. 10-10, p. 34). In addition, on appeal, the Georgia Court of Appeals determined that the evidence at trial "was sufficient to enable a rational trier of fact to reject Hagins' claim of self-defense and find him guilty beyond a reasonable doubt of voluntary manslaughter." (Doc. No. 10-1, p. 5). Thus, there is no reasonable probability that the outcome of Hagins' appeal would have been different had Mr. Allen raised this ineffective assistance of trial counsel claim with the Georgia appellate court. Hagins is not entitled to his requested relief on this ground.

II.   **Trial Judge Erred in Denying Motion to Dismiss (Ground 2)**

Respondent asserts that Hagins does not present a claim for federal habeas corpus relief in this ground because he does not set forth a violation of clearly established federal law. Instead, Respondent contends, Hagins raises an issue of state law and procedure, as Hagins attacks state procedural rules allowing for the excusal of jurors by the clerk of court.

Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325 (11th Cir. 2010). "A state's interpretation of its own laws or rules provides no basis for federal

habeas corpus relief, since no question of a constitutional nature is involved." Id. at 1326 (alteration in original) (internal citation omitted).

In this ground, Hagins contests the application of O.C.G.A. § 15-12-1.1, which allows for a judge to excuse a potential juror for a variety of reasons. However, this statute also allows for a person "duly appointed by order of the chief judge to excuse jurors." O.C.G.A. § 15-12-1.1(a)(1). Hagins' assertions in this ground present questions of Georgia state law and procedure. Accordingly, he is not entitled to his requested relief pursuant to section 2254.

### III. Procedurally Defaulted Claims (Grounds 3 and 4)

Respondent alleges that Hagins raised these grounds in his state habeas corpus petition, and the state habeas corpus court found Hagins' claims that he was denied due process and that his sentence from the Department of Corrections differed from that the judge imposed because Hagins failed to raise these grounds on his direct appeal. Respondent also alleges that Hagins does not establish cause and actual prejudice or a miscarriage of justice to excuse his failure to raise these grounds.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural

bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted).  A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted). "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

> O.C.G.A. § 9-14-48(d) provides, in relevant part:
>
> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

O.C.G.A. § 9-14-48(d).  This is an independent and adequate state law ground.  Though the state habeas corpus judge did not clearly and expressly state she was relying on the Georgia procedural default rule in determining that these claims were barred, it is apparent the state habeas corpus judge relied on this statute in determining these grounds were defaulted because Hagins did not raise these grounds on appeal. In addition, the state habeas corpus judge's decision rests solidly on state law grounds, and the application of O.C.G.A. § 9-14-48(d) was not done arbitrarily or in an

unprecedented fashion, as this statute has been applied on countless occasions in Georgia. See e.g., Schofield v. Meders, 280 Ga. 865, 632 S.E.2d 369 (2006); Turpin v. Todd, 268 Ga. 820, 493 S.E.2d 900 (1997). Moreover, Hagins has not established cause and prejudice to overcome his non-compliance with O.C.G.A. § 9-14-48(d), nor has he shown that he will suffer a miscarriage of justice. Thus, Hagins is not entitled to any relief based on these grounds.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hagins' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

13

AO 72A
(Rev. 8/82)